12988

SOUTH CAROLINA NATIONAL BANK *ET AL.* v. THE MORTGAGE LOAN COMPANY *ET AL.*

(157 S. E., 74)

February, 1930.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for appellant,

*Messrs. J. N. Nathans* and *Julian Mitchell,* for respondents,

October 2, 1930.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his Honor, Judge Mann, overruling a demurrer of the defendant Ficken, to the amended complaint in this action.

The action was originally commenced against the Mortgage Loan Company alone. By order of Court, the individual defendants, Ficken, Chisolm, and Johnston, subsequently were made parties defendant, and an amended complaint was served upon them. To the amended complaint, each of the individual defendants filed demurrers. The demurrers of Johnston and Chisolm were sustained, while that of

Ficken was overruled. From the order of Judge Mann overruling the demurrer of Ficken, this appeal is taken.

It appears that upon the closing of the South Carolina Loan & Trust Company, South Carolina Loan & Trust Company's Bank, and the Security Corporation (formerly Security Savings Bank) in December, 1926, a private corporation known as the Mortgage Loan Company was organized for the purpose of liquidating these institutions and to it was assigned by A. S. Fant, as receiver, all of their assets, and that the Mortgage Loan Company assumed, to the extent of such assets, the liabilities of said corporations.

The complaint alleges, in substance, in addition to the foregoing facts, as follows, stated in narrative form:

George W. Egan died in 1902, leaving a will which has been probated in Charleston County; by it he appointed, as executors and trustees, his sons John G. Egan, Edwin E. Egan, his son-in-law, J. O. Skinner, and Security Savings Bank, the corporate name of which was subsequently changed to that of Security Corporation.

By an agreement between the Security Savings Bank and the other trustees, the bank, in January, 1910, became the sole managing trustee, and it assumed the active management and control of the trust estate.

The testator after certain dispositions of parts of his estate, not relevant to the present inquiry, devised the remainder to his named executors as trustees under elaborate provisions, also not relevant to the present enquiry, and vested them with the following powers: "I authorize and empower my said Trustees or such of them as shall act herein and the survivors or survivor of them to sell all or any part of my estate real and personal for the purpose of executing the trusts herein, when and as often as they may deem expedient and to execute proper conveyances in fee-simple therefor, and to reinvest the proceeds subject to a similar power of sale when and as often as they may deem expedient in the interest of the *cestuis que* trustent."

He provided for the distribution of his estate after the death of his wife, which has long since occurred.

It does not distinctly appear in the complaint the manner in which the estate was handled, how or to what extent the managing trustee came into possession of the assets of the estate, in money; which, however, appears to have been a very large sum of money, certainly in excess of $80,000.00.

In the fifth paragraph of the complaint it is alleged: "That said Security Savings Bank, the corporate name of which was subsequently changed to Security Corporation, in breach of its duties as managing Trustee, as aforesaid, invested said trust estate in improper and illegal securities so that serious loss was incurred by said trust estate as hereinafter specifically set forth and in connivance with the South Carolina Loan & Trust Company, through H. H. Ficken the President of said Company, so acted with the bond and mortgage known as 'Indian Realty Company Bond and Mortgage' as to cause the loss to the trust estate as particularly hereinafter set forth; which said losses so incurred are as follows." Then follows a detailed statement of losses amounting to $83,821.35 in 16 separate items. After the assets of the three banks were taken over by the defendant Mortgage Loan Company a claim was filed with it for the payment of the above losses caused by the South Carolina Loan & Trust Company and the Security Corporation.

The sixth paragraph of the complaint is as follows: "That during the times hereinbefore mentioned the defendant Henry H. Ficken was the President of South Carolina Loan and Trust Company, and as such had the management and control of its affairs; and up to, on or about the 6th day of January, 1926, was President of the Security Savings Bank; that on January 6th, 1926, he became Chairman of the Board of Directors of Security Corporation, to which name by amendment of Charter the name of Security Savings Bank had been changed, and as such President of South Carolina Loan & Trust Company and of Security Savings Bank, and

as such Chairman of Board of Directors, respectively, had the management and control of said Corporations, and the matters and things hereinabove set forth were done under his direction, for which said illegal acts, in conjunction with the said Corporations, he is responsible. * * * "

The complaint prayed judgment against the defendants for the losses; $83,821.35.

After the closing of said banks and before the commencement of the present action, under proceedings in the Court of Common Pleas, the plaintiff herein, the South Carolina National Bank of Charleston, was substituted as trustee under the will of George W. Egan in the place of the Security Corporation.

As stated above, the personal defendants, Ficken, Chisolm, and Johnston, demurred, it seems separately, to the amended complaint; upon the hearing of which his Honor, Judge Mann, sustained the demurrers of Chisolm and Johnston, from which there is no appeal, and overruled the demurrer of Ficken, from which this appeal comes.

Counsel for the appellant have not argued the first and second exceptions, which are the same as the first and second grounds of demurrer. It is assumed that they have been abandoned; at any rate the Court is justified, for the reason stated, in dismissing them.

The third, fourth, and fifth exceptions, the same as those grounds of demurrer, are as follows:

"III. The presiding Judge erred in overruling the demurrer to the amended complaint herein; the error being that said amended complaint shows on its face that the alleged acts of this defendant were in his representative capacity as an officer of the Bank and corporations referred to in said amended complaint so that said banks and corporations and not this defendant are liable, if there be any liability in the premises.

"IV. The presiding Judge erred in overruling the demurrer to the amended complaint herein; the error being

that said amended complaint shows on its face that the alleged acts of this defendant were as an officer or agent of said banks and corporations referred to in said amended complaint so that said banks and corporations, and not this defendant are liable if there be any liability in the premises.

"V. The presiding Judge erred in overruling the demurrer to the amended complaint herein; the error being that said amended complaint improperly unites and joins several distinct causes of action."

The complaint alleges, and the demurrer of course admits, that Ficken was president of South Carolina Loan & Trust Company, and as such had the management and control of its affairs, and up to the 6th of January, 1926, was president of Security Savings Bank, and after that date its chairman of board of directors, and such president of both banks and chairman of board of directors had the management and control of the corporations, and the transaction through which the losses occurred were done under his direction, for which said illegal acts in conjunction with the corporations he is responsible. (The last phrase is a conclusion of law which is not admitted by the demurrer.)

The arraignment, under 16 counts, presents an awful condition of mismanagement and loss, in all of which Ficken is alleged, as the managing head of both the South Carolina Loan & Trust Company and the Security Corporation, to have actively participated.

It is only necessary to cite one instance, Paragraph 5, Subdivision 15, of the complaint: "Heretofore the Trust Estate of Geroge W. Egan was the owner and holder of the bond of Indian Realty Company to Florence M. Kent, dated February 11th, 1913, conditioned for the payment of Thirty-five Thousand ($35,000.00) Dollars which said bond is secured by a mortgage of Indian Realty Company to Florence M. Kent, bearing same date and recorded in R. M. C. Office for Charleston County, S. C., in Book S-26 page 20, which said mortgage was a first lien upon various lots of

land described therein; that thereafter on October...., 1918, the said bond and mortgage were purchased by and became an asset of the trust estate of George W. Egan, and thereafter from time to time payments were made upon the principal of said bond, until the principal sum thereof was reduced to $22,500.00. That while the said bond and mortgage were so owned by the Trust Estate of George W. Egan, the South Carolina Loan and Trust Company fraudulently representing itself to be the owner of said bond and mortgage released from the lien of said mortgage, on the mortgage of Evelyn Realty Company, to Louisa McC. Smythe, dated January 17th, 1920, the property described in said mortgage to Louisa McC. Smythe, as recorded in Book H-30, page 430, R. M. C. O., Charleston County, S. C.; and on the mortgage of Evelyn Realty Company to Edwin J. Blank, as executor, dated September 3rd, 1920, the property described in said mortgage to Edwin J. Blank, as Executor, as recorded in Book Q-27, page 270 R. M. C. O., Charleston County, S. C., which releases were void and of no effect, but thereafter in order to perpetrate a fraud upon the trust estate of George W. Egan, said South Carolina Loan and Trust Company on March 5th, 1923, had assigned to it the said bond and mortgage, so that upon coming into possession thereof, the releases theretofore made became effective. That having accomplished this purpose, thereafter on April 16th, 1924, the said South Carolina Loan and Trust Company, without notice to the Trust Estate of George W. Egan that the effect of it becoming the owner of said bond and mortgage was to make the releases effective and without the knowledge of said Trust Estate that said releases had been made, sold back to said Trust Estate, the said bond and mortgage for its then face value $22,500.00 and an additional sum of $6,148.44, representing unpaid accrued interest on said bond and mortgage, the said South Carolina Loan and Trust Company well knowing that the said mortgage was not, on account of the releases which had become

effective, worth the then face value thereof and thereby a fraud was perpetrated upon said Trust Estate; that no interest has ever since been paid upon said bond and mortgage and the unpaid accrued interest thereon now amounts to $11,957.55, making the total indebtedness for which the said mortgage is security the sum of $34,457.55. The said security is not worth in excess of $10,000.00 and by reason of said fraud has been entailed a loss upon said trust estate of * * * $24,457.55."

Ficken admits by the demurrer that he as president of South Carolina Loan & Trust Company connived with the managing trustee of the Egan estate in the perpetration of the fraud which the Indian Realty Company transaction discloses, and, although the word "fraud" is not used in narrating the transaction, the facts are self-explanatory and its use unnecessary. He likewise admits that all of the illegal investments were made under his direction.

Counsel for the appellant state in their printed brief:

"We recognize, of course, that,

" 'If the mismanagement of the directors (or Ficken here) has caused a particular loss to an individual general creditor, depositor or stockholder, the liability is an asset of such injured individual remediable by an action in his name.' " *Stewart v. Ficken*, 151 S. C., 424, 149 S. E., 164.

See, also, *Gary v. Matthews*, 148 S. C., 125, 145 S. E., 702; *Hernlen v. Vandiver*, 145 S. C., 412, 143 S. E., 222; *Daniels v. Berry*, 148 S. C., 446, 146 S. E., 420; *Browne v. Hammett*, 133 S. C., 446, 131 S. E., 612.

The judgment of this Court is that the order appealed from be affirmed.

Mr. Chief Justice Blease and Mr. Justices Stabler and Carter and Mr. Acting Associate Justice Smith concur.

### Order on Petition for Rehearing

Per curiam.

The appellant, in his petition for a rehearing, raises two objections, mainly, to the opinion filed herein on October 2, 1930.

1. That the appellant as an officer of the banking institutions involved is not responsible personally for the acts of mismanagement alleged in the complaint.

2. That the opinion does not pass upon the third ground of demurrer, the alleged misjoinder of divers causes of action.

As to the first ground, it seems necessary only to refer to the statement contained in the printed brief of counsel for the petitioner which quotes an extract from the case of *Stewart v. Ficken*, 151 S. C., 424, 149 S. E., 164:

"We recognize, of course, that,

" 'If the mismanagement of the directors (or Ficken here) has caused a particular loss to an individual general creditor, depositor or stockholder, the liability is an asset of such injured individual remediable by an action in his name.' "

As to the second ground:

Under the order of the Circuit Court all of the assets of the South Carolina Loan & Trust Company, and Security Corporation were transferred to the defendant, the Mortgage Loan Company; which assumed to the extent of those assets all of the liabilities of the two corporations. Their assets were commingled in that company, and their identity as to source was lost, and out of those assets as a whole the liabilities of both banks were to be paid. Thus the liabilities became likewise merged, and the causes of action against the Mortgage Loan Company, based on claims which were to be paid out of those assets and originating in the actionable acts of either of the banks for which before the transfer it and its officers might have been jointly sued, became merged into one claim representing the liability of the Mortgage Loan Company, and in connection therewith the liability of the officer of either or both banks who could have

been made a party defendant if the separate suits had been brought against each bank before creation of the Mortgage Loan Company. We are conscious of the fact that a rather curious situation has been created, but it was done by order of Court with consent of all interested parties, including Ficken, who, by his payment of $100,000 into the treasury of that company in discharge of his and Security Corporation's statutory stockholders' liability, was one of the main factors in its creation. Therefore, in considering the suit against the Mortgage Loan Company, the separate identity of the two banks as such disappears as party deffendant, but the liability of the officers of those banks still exists, and they can be joined in the one suit against the loan company if they could have been joined as defendants in separate suits against the banks before the creation of the loan company. So, while it might not have been proper to have instituted a joint suit against South Carolina Loan & Trust Company, Security Corporation, and their officer, H. H. Ficken, the disability disappears in the suit against the Mortgage Loan Company and Ficken, the officer of the two banks, for whose liabilities that company has become responsible to the extent of its assets.

Therefore the objection that the alleged causes of action against Ficken must fall because as to some he was as an officer of South Carolina Loan & Trust Company and as to others as an officer of Security·Corporation, is no more tenable than if the Mortgage Loan Company were to raise the same objection to this complaint on the ground that several causes of action are united because as to the Indian Realty Company transaction the South Carolina Loan & Trust Company and its officer was the offender, while as to the others the breach of duty was that of Security Corporation and its officer.

The petition is therefore dismissed.