## 13233

### SOUTH CAROLINA NAT. BANK *ET AL. v.* MORTGAGE LOAN CO. *ET AL.*

(159 S. E., 918)

*Messrs. Ernest L. Visanska* and *Nath. B. Barnwell,* for appellants,

*Messrs. Julian Mitchell* and *J. N. Nathans,* for Trustees of the estate of Eagan,

August 31, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The appeal in this case was heard at the October session, 1930, and on February 18, 1931, an opinion was filed affirming the order appealed from. The appellant then filed a petition for a rehearing, which was granted, and the case set down for reargument. The reargument was had at the April session, 1931.

The former opinion is withdrawn and this substituted in its place.

This is an appeal from an order of his Honor, Judge Mann, dismissing a rule to show cause, under the circumstances which will be detailed.

It appears that at the time of the closing of the Security Savings Bank (later the Security Corporation), it was the managing trustee of the estate of George W. Egan, deceased. The beneficiaries of this estate were A. E. Skinner, Jas. H. Egan, and E. C. Skinner. They each occupied a dual relation to the Security Savings Bank, namely, that they were the beneficiaries of the trust and they were severally debtors by note to the South Carolina Loan & Trust Company, with which the Security Savings Bank was affiliated.

The defendant Mortgage Loan Company was a corporation organized for the purpose of liquidating the affairs of both defunct banks in lieu of a receivership proceeding. The Mortgage Loan Company was in no sense a purchaser for value, but was a mere liquidating agency.

In the administration of the offices to perform which the Mortgage Loan Company was organized, in 1927 it brought three separate actions at law as follows:

1. Against E. C. Skinner and J. O. Skinner on a collateral note of E. C. Skinner to South Carolina Loan & Trust Com-

pany, indorsed and guaranteed by J. O. Skinner, dated July 15, 1926, for $12,200.00 due January 17, 1927, with interest from maturity at the rate of 8 per cent. per annum, secured by certain life insurance policies; commenced July 25, 1927.

2. Against James H. Egan and Daisy Egan on a collateral note of James H. Egan to South Carolina Loan & Trust Company, indorsed and guaranteed by Daisy Frances Egan, dated July 15, 1926, for $8,000.00 due January 17, 1927, with interest from maturity at the rate of 8 per cent. per annum, secured by a life insurance policy; commenced August 12, 1927.

3. Against A. E. Skinner on a collateral note of A. E. Skinner to South Carolina Loan & Trust Company, dated July 15, 1926, for $7,300.00 due January 15, 1927, with interest after maturity at the rate of 8 per cent. per annum, secured by life insurance policies and by a bond and mortgage for $10,000.00; commenced November 14, 1927.

In the several answers to the complaints in these actions, defendants set up counterclaims for damages on account of the mismanagement of the managing trustee and the dissipation of the assets of the estate to which the beneficiaries, defendants in those suits, would have been entitled if the trust had been properly managed, entailing a severe loss upon each of them. These counterclaims were ordered stricken out for the reason that the trustees of the estate of Egan were not parties to the suit; that they were necessary parties to the determination of the matters set up on the counterclaims.

Thereupon the trustees of the Egan estate on March 22, 1928, brought the present action for mismanagement by the former managing trustee, against The Mortgage Loan Company which had acquired the assets of the South Carolina Loan & Trust Company and the Security Savings Bank, the banks charged with mismanagement of the trust.

The beneficiaries of the trust above named then severally applied to the Court for an order restraining the Mortgage Loan Company from prosecuting the suits upon the notes

against them, until the mismanagement suit should be first heard and determined. On March 31, 1928, the motion came on to be heard before his Honor, Judge Townsend, who signed an order reciting as follows: "To the petition (of the beneficiaries), The Mortgage Loan Company filed its objections, setting out among other things that the investments and changes of investments made by Security Corporation and Security Savings Bank for and on behalf of the trust estate, were made by one or more officers of Security Corporation and Security Savings Bank, to wit: H. H. Ficken, vice-president and subsequently president of South Carolina Loan and Trust Company, H. H. Ficken, president of Security Savings Bank and J. Arthur Johnston, president, Security Corporation; and O. B. Chisolm, trust officer of South Carolina Loan and Trust Company and of Security Corporation and counsel for Mortgage Loan Company insisting that they were parties necessary and proper to the final determination of the issues involved."

The order directed as follows: "It is ordered that the petitioners be required to amend their complaint by adding as parties defendants, H. H. Ficken, J. A. Johnston and O. B. Chisolm, and that upon the service of the amended summons and complaint upon the attorneys for the defendants, The Mortgage Loan Company, and upon the defendants H. H. Ficken, J. Arthur Johnston and O. B. Chisolm, if he can be found within the jurisdiction, and if not then without such service, the suits instituted by The Mortgage Loan Company respectively against James H. Egan and Daisy Frances Egan; against A. E. Skinner, and against J. O. Skinner and E. O. Skinner, be and the same are hereby stayed until the final adjudication in the above entitled action as amended, and that if the suit of petitioners aforesaid against The Mortgage Loan Company eventuate in favor of said petitioners as plaintiffs therein, then the defendants be permitted to amend their answers in the suits brought respectively against J. H. Egan, *et al.* by said The Mortgage

Loan Company in such respects as the Court upon application may allow in order to set up therein as a counterclaim and setoff such interests as each of them may be entitled to as beneficiaries of such estate."

It does not appear that any notice of intention to appeal from this order was given.

The summons and complaint were amended accordingly; the names of the three defendants mentioned were added to the caption, and a paragraph was added seeking to charge them according to their several degrees of culpability.

The amended pleadings were properly served upon The Mortgage Loan Company which answered the amended complaint on May 5, 1928. It is assumed, although it does not so appear in the record, that at the same time a demurrer was interposed by each of the defendants Ficken, Chisolm, and Johnston to the amended complaint; the matter came on to be heard by his Honor, Judge Mann, who sustained the demurrers of Chisolm and Johnston, but overruled the demurrer of Ficken, in an order dated February 18, 1930. There was no appeal from this order, so far as it sustained the demurrers of Johnston and Chisolm; the defendant Ficken, however did appeal from it so far as it overruled his demurrer. His appeal was decided by this Court in an opinion filed October 2, 1930, 159 S. C., 359, 157 S. E., 74, affirming the order overruling the demurrer of Ficken.

The appellant suggests that The Mortgage Company had no right to appeal from this order sustaining the demurrers of Johnston and Chisolm upon the ground that they were codefendants of The Mortgage Company which had no interest in that fight. The cases of *Bank v. Pruitt,* 121 S. C., 484, 113 S. E., 469, and *Bank v. Spratt,* 122 S. C., 48, 113 S. E., 473, are cited to sustain the position; we do not think that they do so; it was of great moment to The Mortgage Company to establish the liability of all three officers who would be liable over to it if judgment should go against the Mortgage Company. We do

think, too, that The Mortgage Company was deeply interested in the order of Judge Townsend directing a suspension of the actions which it had brought against the Skinners and Egans upon the notes referred to. It did not do so, but recognizing the validity of the order, it applied for and obtained from his Honor, Judge Mann, on March 31, 1930, a rule directed to South Carolina National Bank *et al.* as trustees under the will of George W. Egan, deceased, James H. Egan, Daisy Frances Egan, Anna C. Veronee as executrix of the will of J. O. Skinner, Anna C. Veronee and Mary S. Culler as executrices of the will of Mrs. E. C. Skinner, and A. E. Skinner, requiring them to show cause before him on April 4, 1930, "why this Court should not issue its order setting forth that inasmuch as trustees of the estate of Egan have failed to comply with the order of his Honor Judge W. H. Townsend of March 28 (31?), 1928, that The Mortgage Loan Company have leave to proceed forthwith in the suits brought by it against J. O. and E. C. Skinner, A. E. Skinner and James H. and Daisy Frances Egan."

The parties against whom said rule to show cause was directed, made return thereto as follows:

"That in the suit of The Mortgage Loan Company, a corporation plaintiff, against E. C. Skinner and J. O. Skinner, defendants, referred to in the petition, a counterclaim was interposed by the defendant, alleging the losses to the defendants by reason of the fraud perpetrated by the Security Savings Bank as managing trustee, upon the trust estate in which the defendant, E. C. Skinner had an interest, whereby the said E. C. Skinner lost the money which would have come to her if the same had not taken place. That upon demurrer to this counterclaim the Court held that the trustees were the proper persons to set up this claim, and it could not be set up as a counterclaim in the action by the *cestuis que trustent.*

"That in the suit of The Mortgage Loan Company against A. E. Skinner the same situation existed; and in the suit of The Mortgage Loan Company against James H. Egan and Daisy Frances Egan the same situation existed.

"That thereupon a suit was started by the trustees under the will of George W. Egan against The Mortgage Loan Company, which had taken over all of the assets of the Security Savings Bank and was responsible for the debts and liabilities of said bank, setting up the losses which had accrued to said trust estate by reason of the actions and doings of said Security Savings Bank in the administration thereof. That motion was made before his Honor, Judge Townsend, praying that pending the determination of the action of the trustees under the will of George W. Egan against The Mortgage Loan Company, the Mortgage Loan Company be enjoined from proceeding with the suits against the individuals above referred to until the termination of the suit of the trustees against said company, as, if recovery was had in that suit and the damages to the *cestuis que trustent* thus ascertained, these damages having been liquidated as to each of the *cestuis que trustent* could be then set up by amendments to answer against the claim of The Mortgage Loan Company in said suits respectively, and the Court recognized that this was the fair and equitable manner for the adjudication of the rights of the respective parties.

"That Mr. E. L. Visanska, the attorney for The Mortgage Loan Company, strenuously argued to the Court that it was necessary for a proper determination of this action that Henry H. Ficken, J. Arthur Johnston and O. Bierne Chisolm, who were officers of the Security Savings Bank and South Carolina Loan and Trust Company should be made parties defendant to the action and that the complaint should be amended by making such parties defendant. And upon the hearing, Judge Townsend issued his order requiring the parties to be added as parties defendant to the suit, and enjoining the prosecution of the action of The Mort-

gage Loan Company against the defendants pending the final determination of that action.

"That your respondents are informed and believe that attorneys for your respondents had made a thorough investigation into the administration of the Trust Estate, and upon such investigation had decided that H. H. Ficken was the party who was responsible for the maladministration of said estate, and that so far as J. Arthur Johnston and O. Bierne Chisolm were concerned, the only allegations which could be made, against J. Arthur Johnston was as to his negligence in permitting H. H. Ficken to do the acts complained of, and this allegation was made in the amended complaint; and as to O. Bierne Chisolm, who was the son-in-law of Mr. H. H. Ficken and had only recently become connected with the bank and appointed trust officer thereof, that all of his actions were merely carrying out the orders of his father-in-law, Mr. H. H. Ficken, and that his offense was permitting such acts to be done; and therefore, the allegations were made in conformity therewith. That if the allegations were not sufficient it was because the facts did not justify any other allegations to be made.

"That the reference in the petition of Mr. Visanska to the testimony of Miss M. C. Bull, in relation as to under whose directions the investments and exchanges of the trust estate were made, she said 'either Mr. Ficken or Mr. Johnston would tell me sometimes which ones to take or change' could not have enabled to be made allegations charging Mr. Johnston with the fraudulent transactions, in the face of an investment showing the contrary, which had been made by the attorney for the trustees.

"That under the order of your Honor, the demurrer of H. H. Ficken to the amended complaint was overruled, and there has been served upon the attorneys for the trustees notice of appeal to the Supreme Court and until such appeal is determined the plaintiffs in this action cannot proceed with the trial of the case against The Mortgage Loan Com-

pany and H. H. Ficken. That if the petition of petitioner is granted and a judgment against the Skinners, Egans and others in the suit of The Mortgage Loan Company against them is allowed at this time, and thereafter the suit of the trustees against The Mortgage Loan Company, which is for the benefit of the *cestuis que trustent,* who are the Egans and Skinners, results in a verdict for the trustees against The Mortgage Loan Company, then instead of the Egan and Skinner defendants having the benefit of a set-off in the suits against them, thereby avoiding cross judgments, The Mortgage Loan Company will have collected its judgment in full, and the Egan and Skinner defendants would have only a share *pro rata* in the assets of the insolvent banks, which would be inequitable and unjust, and which the present status of the injunction would avoid.

"The attention of the Court is respectfully called to the fact that as soon as the suit of The Mortgage Loan Company is determined, if against the plaintiffs, there could be no delay on the part of The Mortgage Loan Company in at once entering up judgment against the Egans, *et al.,* on their suit against them, as the execution of the notes is admitted; and therefore, there can be no prejudice against The Mortgage Loan Company in allowing the injunction to continue. And your respondents further respectfully show that the order of Judge Townsend requiring the complaint to be amended has been complied with, as an amended complaint was at once served, and there is no requirement in the order of his Honor Judge Townsend as to what allegations should be made in said amended complaint as to the additional persons made parties defendant, his order being merely that petitioners (trustees) be required to amend their complaint by adding as parties defendant, H. H. Ficken, J. Arthur Johnston and O. B. Chisolm.

"Wherefore, your respondents pray that the petition be refused and the rule dismissed."

Accompanying the return was the following affidavit:
"State of South Carolina, County of Charleston.

"Personally appeared J. N. Nathans, who, being duly sworn, says that he is one of the attorneys for the trustees under the will of George W. Egan; that at the time of the failure of the Security Savings Bank, subsequently Security Corporation, one of the trustees under the will of George W. Egan, he was requested by certain of the trustees to make an investigation into the affairs of the trust estate, and that upon such examination being made he discovered that the assets of the estate consisted largely of second and third mortgages upon real estate, a number of which were practically worthless. That from inquiries made he was convinced that the acquisition of these worthless securities was solely under the authority and direction of Mr. H. H. Ficken, who was for a long time president of said bank and later on chairman of the board of directors, and that he, together with the corporation, trustee, for which he was acting, were alone responsible for the losses which were suffered by the trust estate.

"That after a thorough investigation of the matter a suit was brought individually against H. H. Ficken for such of the transactions as he felt that he could be held personally responsible for. There were other transactions for which he might not be held responsible, and it was deemed advisable for the purpose of not clouding the issues raised, to confine the suit against H. H. Ficken to such matters as to which there was no doubt as to his responsibility, and as to the other matters, those should be brought against The Mortgage Loan Company, successor to Security Corporation, which had taken over its assets and assumed its liabilities. That suits were then instituted against H. H. Ficken and against The Mortgage Loan Company, and upon the earnest solicitation of Mr. Ernest L. Visanska, the attorney for The Mortgage Loan Company, his Honor Judge Townsend ordered that the complaint against The Mortgage Loan Company be amended and H. H. Ficken, Jr., Arthur Johnston and O. Bierne Chisolm added as parties defendant, and

in order that the *cestuis que trustent* under the will of George W. Egan might not be forced to pay out money on suits of The Mortgage Loan Company against them before the suit of the trustees under the will of George W. Egan should be terminated, enjoined the prosecution of those suits until that time, and then if the Mortgage Loan Company was indebted to the said *cestuis que trustent*, this indebtedness could be set up as a counterclaim or offset against the claim of The Mortgage Loan Company against them, and a multiplicity of suits thus avoided, and an equitable adjudgment of the claims made.

"That in pursuance of the order, the said H. H. Ficken, *et al.*, were made parties defendant, and the only allegations which, in the opinion of this deponent, could be made against J. Arthur Johnston and O. Bierne Chisolm, were so made, and the order of the Court was thus complied with.

"That the trustees under the will of George W. Egan are prepared to actively prosecute to termination this suit against The Mortgage Loan Company and H. H. Ficken, but due to the appeal of H. H. Ficken to the Supreme Court further action in the matter is prevented until the determination of the appeal."

Upon hearing the return to the rule, his Honor, Judge Mann, passed the following order, dated April 25, 1930.

"This matter came on for hearing before me on the return to the rule to show cause, issued by me on March 31st, 1930, Messrs. E. L. Visanska and N. B. Barnwell appearing for petitioners and Messrs. J. N. Nathans and Julian Mitchell appearing for respondents.

"After hearing argument by counsel for petitioners and respondents, and after consideration of the matter, I am of opinion that the order prayed for should not be granted, and that the injunction heretofore issued by Judge Townsend is still in force and effect, and it is so ordered."

From this order the defendant Mortgage Company has appealed.

This appeal does not involve the merits of the contention of the plaintiffs that they are entitled to a suspension of the actions upon the notes until their action against the Mortgage Company and Ficken shall have been determined; that question is settled by the order of his Honor, Judge Townsend, of March 31, 1928, unappealed from; it involves simply the issue whether the plaintiffs have complied with the condition of that order upon which the suspension was granted. As to that we think that the fact that two of the parties brought into the case by the order of Judge Townsend of March 31, 1928, have been liberated by the order of Judge Mann of April 25, 1930, does not constitute a breach or failure of the condition imposed by the order of Judge Townsend, particularly as this Court has held, in Ficken's appeal from the order of Judge Mann (159 S. C., 359, 157 S. E., 74), that the complaint states a good cause of action against Ficken.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.