*195 Tbe opinion of the Court was delivered by
MuNRO, J.
Whether the finding of the jury was in reference to the mere value of the paper upon which the certificate was written, or to the estimated value of the shares represented by it, this verdict is so palpably erroneous, that it cannot be permitted to stand. So that the question presented is, by what standard should they have been governed in estimating damages for the conversion of such an instrument ?
It is a well established doctrine, that trover lies for the recovery of a chose in action, such as a bill, note, or bond, and that the rule for estimating the damages is, the amount which the instrument calls for upon its face. (Sedgw. on Dam., 512.) In other words, whenever the instrument is an available security for the amount claimed, the party is entitled to recover the full amount. In reference to the conversion of .muniments of title, the rule is thus stated by Mayne, in his Treatise on Damages, p. 210. “ In trover for title deeds, the jury may give the full value of the estate to which they bélong by way of damages, which, however, are generally reduced to forty shillings, on the deed being given up.” In Parry vs. Frame, 2 Bos. & Pul., 451, which was an action of trover for a lease, the plaintiff recovered the full value of the lease. In Clowes vs. Hawley, 12 Johns. R. 484, the action was by the assignee of a bond t'o make titles against the defendant by whom it had been converted, and it was held that the plaintiff was entitled to recover as damages the-value of the land.
Upon principle and authority, then, we are clearly of opinion that the plaintiff was entitled to recover the full value of the bank shares, represented by the said certificate, so that a new trial must be granted; and it is so ordered.
Wardlaw, Withers, Whither, and Glover, JJ., concurred.

New trial ordered.