14135

DEAN v. POST *ET AL.*

(181 S. E., 241)

*Messrs. W. G. Sirrine* and *B. T. Leppard,* for appellants,

*Messrs. Ward & Ward,* for respondent,

September 10, 1935.

The opinion of the Court was delivered by Mr. Justice Carter.

This action by Joel L. Dean, as plaintiff, against the defendants, George B. Post *et al.*, trading as Post & Flagg, and A. S. Thomas, trading as Thomas & Walker, was instituted in the Court of Common Pleas for Greenville County, for the purpose of recovering judgment against the defendants in the sum of $499.80, together with interest, for the alleged balance due of proceeds from the sale of stock which the plaintiff alleges he ordered sold. Service on the said George B. Post *et al.*, trading as Post & Flagg, was obtained January 31, 1934, by attachment of certain property. From what appears in the record we assume that the defendants A. S. Thomas, trading as Thomas & Walker, were served July 17, 1933, but these defendants did not answer, and on the trial of the case judgment was ordered against them. Certain motions involving the pleadings in the case were heard by his Honor, Judge G. Dewey Oxner. Thereafter, issues being joined, the case was tried in said Court before his Honor, Judge William H. Grimball, and a jury, resulting in a verdict for the plaintiff in the sum of $499.80, the full amount sued for, less the interest demanded. From the judgment entered on the verdict the defendant has duly appealed to this Court upon exceptions, which will be considered.

## EXCEPTIONS

Under the first five exceptions, allegations of error are imputed to the trial Judge, his Honor, Judge William H. Grimball, arising under his Honor's order, dated October 23, 1934. Said order reads as follows:

"This was a motion by defendants, Post & Flagg, to strike out certain parts of the complaint on the ground that the

same are irrelevant, incompetent and immaterial, further grounds being stated in the notice of the motion. After argument of counsel, it is ordered:

"That the motion be granted as to the words in Paragraph 7 'were wilful and wanton, and were perpetrated upon this plaintiff for the purpose of and did defraud plaintiff out of his equity in said stocks,' and for the words, 'and for the sum of two thousand ($2,000.00) dollars as punitive damages' and also as to two thousand dollars punitive damages in the prayer.

"Motion is refused as to the words objected to in Paragraphs 2, 3, 4 and 6.

"This is an action on contract and punitive damages are not recoverable for violation thereof. The plaintiff has a right to recover actionable damages but not exemplary damages. See *Holland v. Spartanburg Herald-Journal Co.*, 166 S. C., 454, 165 S. E., 203, 84 A. L. R., 1336, and the cases therein cited; *Lawson v. Metropolitan Life Insurance Co.*, 169 S. C., 540, 169 S. E., 430.

"In the above-entitled case plaintiff gave notice of a motion to strike out the answer of the defendant on grounds set forth in the motion.

"After hearing argument of counsel, it is ordered that the motion be and the same is hereby refused."

The first exception charging error to Judge Grimball in the issuance of the said order reads as follows:

"In failing to strike from paragraph 2 the words: 'governed and controlled by the constitution, rules and by-laws of said Exchange.'

"*Specification.* (a) The constitution, rules and by-laws of the New York Stock Exchange are irrelevant and immaterial because there is no privity of contract between plaintiff and the Exchange. (b) Even if relevant, a violation would not create a cause of action. (c) The same allegations were ruled out by Judge Oxner August 8, 1934."

So much of the said order of Judge Oxner, which is applicable to this question, reads as follows:

"The defendants, Post & Flagg, moved to strike the following from paragraph 2:

" 'Particularly constitution article XXI; Rules, Chapter XII, Sections 10 and 11; Chapter XIII, Section 9; Chapter XV, Section 1; and Chapter XVI, Sections 4 and 5, which are appended as Exhibits A, and made a part of this complaint.'

"This motion is granted on the ground that the matter alleged is evidentiary, and also inasmuch as the complaint does not allege that the plaintiff knew of said rules and by-laws or relied thereon, I am inclined to think that said allegations are also irrelevant."

There was no appeal from this order, and therefore the parties to the action are bound thereby. Thereafter, the plaintiff filed an amended complaint. The second paragraph of that amended complaint reads as follows: "That the defendants, Post & Flagg, are members of the New York Stock Exchange, *governed and controlled by the constitution, rules and by-laws of said Exchange,* and at the times hereinafter referred to, and for a long period thereto, conducted a stock brokerage business in the city of Greenville, state aforesaid, and without the knowledge of plaintiff permitted the defendant Thomas, under the tradename of Thomas & Walker Company, to use its said offices, and to act generally as agent of defendants, Post & Flagg, and to also conduct an independent brokerage business therein, using joint employees in conducting said individual business."

The italicized words in the above paragraph, "governed and controlled by the constitution, rules and by-laws of said Exchange," are the words involved in the exception under consideration, and, in our opinion, were improperly allowed to remain in the allegations in the amended complaint, and upon objection testimony should

not have been permitted under the same. Such testimony was, in our opinion, improper and prejudicial. It is true that the order of Judge Oxner, above referred to, did not, in striking out certain allegations, specifically use this language; but, as we view Judge Oxner's order, it was certainly the purpose and intent of the same to prevent the introduction of testimony along the line objected to by the defendant on the trial. We think that the trial Judge was in error in allowing testimony as to the force and effect of the rules and by-laws of the said New York Stock Exchange. We again call attention to the fact that there was no appeal from Judge Oxner's order and the parties hereto are bound thereby.

Under our view of the case it is unnecessary to consider the remaining exceptions of the appellant.

It is therefore the judgment of this Court that the judgment of the lower Court be, and the same is hereby, reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.