14360

DANIEL v. POST *ET AL.*

(187 S. E., 915)

Before GASTON, J., Greenville, February, 1936.

470

*Mr. W. G. Sirrine,* of Greenville, for appellants,

*Messrs. R. N. Ward* and *Hicks & Johnston,* for respondent,

October 14, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an appeal from order of Hon. A. L. Gaston, Circuit Judge, overruling in part motion of defendants-appellants, Post & Flagg, to strike out certain allegations of the complaint; overruling demurrer to the complaint on the ground that two alleged causes of action were improperly united; and overruling motion to make complaint more definite and certain. The plaintiff-respondent, Daniel, has also appealed from order of Judge Gaston striking out a portion of the complaint.

Pleadings should be construed liberally as against the moving party, and we will first consider the nature of this action. A careful reading of the complaint, which will be reported, shows that it is an action in tort for conversion, and not an action on contract as it has been treated throughout by defendants-appellants. It is true that plaintiff-respondent could have brought an action on contract, but he has elected to bring it in tort. The defendants-appellants have not the right to elect.

It is true that the expletives "fraudulently," "wantonly," and like words add nothing to the complaint, but, freed of all unnecessary verbiage, the complaint alleges that respondent bought through one A. S. Thomas, who acted generally as the agent of Post & Flagg, his co-defendants, various stocks, paying a portion of the purchase price in cash, and leaving with the defendants said stocks as collateral for the balance due thereon, and that at some time unknown to plaintiff, and without his knowledge or consent, defendants converted plaintiff's stocks to their own use, specifically setting forth that the stocks converted consisted of 600 shares A. F. W. and 200 shares of C. V.

In *Sullivan v. Calhoun et al.,* 117 S. C., 137, 108 S. E., 189, Mr. Chief Justice Gary, writing the opinion of the Court, said: "It is not necessary to allege fraud in direct terms; it being sufficient if the facts are stated from which it is necessarily implied."

And in the same case there is quoted with approval from 12 R. C. L., 229, the following: "Fraud assumes so many hues and forms, that Courts are compelled to content themselves with comparatively few general rules for its discovery and defeat, and allow the facts and circumstances peculiar to each case to bear heavily upon the conscience and judgment of the Court or jury in determining its presence or absence. While it has often been said that fraud cannot be precisely defined, the books contain many definitions, such as unfair dealing; the unlawful appropriation of another's property by design."

To maintain trover against a pledgee, bailee, or trustee, the agreement must be such that the property is to be kept in its original form as the identical property of the owner. See *Randolph & Co. v. Walker,* 78 S. C., 157, 59 S. E., 856.

Where personal property has been converted and sold, and action lies either for damages for the conversion or for the recovery of the proceeds of sale, the first being trover and the second *assumpsit* for money had and received. *Warren v. Lagrone,* 12 S. C., 45.

It is well-settled law in this State that trover lies for conversion of stock. See *Connor v. Hillier,* 11 Rich. (45 S. C. L.), 193, 73 Am. Dec., 105; *Equitable Trust Co. v. Columbia National Bank,* 145 S. C., 91, 126, 142 S. E., 811.

Unauthorized disposition of pledged property is a conversion. 49 C. J., 950.

The cases cited by appellants correctly state the law as a general rule, but this case is governed by the law as stated in *Tolbert v. Fouche,* 129 S. C., 338, 123 S. E., 859, syllabus 2 of said case, which is fully warranted by the opinion, being as follows:

"2. Pledges—When Disposition of Pledged Property Amounts to Conversion, Stated.—Wrongful, unauthorized disposition of pledged property, so as to put it out of pledgee's power to redeliver on payment of debt which it secures, is a conversion for which an action will lie."

Defendants-appellants have assumed that this is an action on contract and that the allegations of the complaint are insufficient to raise the issue of punitive damages. And have further assumed that it was a margin transaction.

A liberal construction of the complaint shows it to be an action in tort for conversion, and sufficient facts have been alleged to evidence a fraudulent conversion, for which punitive damages would be recoverable. It would also appear from the complaint that the purchase of the stock was outright, but, of course, upon a trial of the case, it may develop that it was a margin transaction.

In the action as brought, there can be no question of electing against whom to proceed, where it is alleged that all defendants participated; and there is no misjoinder if the defendants are joint tort-feasors.

There is merit in appellants' specification (b) of Exception 5, which is as follows:

"In Failing to Hold the Complaint Should Be Made More Definite and Certain.

"(b) Also to know who received the payment on accont of the stocks, who gave receipts and who received orders for sale of the stocks, and when and where."

It is very material for appellants to know to whom plaintiff made payments of money, and who issued to him receipts therefor. Appellants would then be in a position to admit or deny liability on account thereof. This exception is therefore sustained. Let the respondent serve on appellants or their attorney of record, within 20 days from notice of the filing of the remittitur herein, an amended complaint, giving this information, and appellants will have 20 days in which to answer.

All other exceptions on behalf of defendants-appellants have been considered and are overruled.

Plaintiff-respondent has also appealed from order of ■ the Circuit Judge in striking out Paragraph 2 of the complaint. We have held that this is an action in tort for the conversion of stocks. The rules of the New York Stock Exchange could not possibly have any relevancy, and this exception is overruled.

Case remanded for such further procedure as is indicated by this opinion.

MR. CHIEF JUSTICE STABLER and MR.. JUSTICE FISHBURNE concur.

MR. JUSTICE BONHAM dissents.

MR. JUSTICE BONHAM (dissenting): This action is brought to recover damages, actual and punitive, for the alleged unlawful conversion of stocks which plaintiff claims to have purchased of defendants.

This appeal is from an order of Hon. A. L. Gaston, Circuit Judge, construing the amended complaint which was served December 31, 1935. More accurately speaking, the order of Judge Gaston disposes of motions made by the attorney of the defendants, collectively spoken of in this proceeding as Post & Flagg, to strike out certain allegations of the complaint, and also the demurrer interposed by the same defendants.

The order appealed from sustains the motion to strike out Paragraph 2 of the complaint, and denies the remainder of the motions to strike out certain allegations of the complaint, and overrules the demurrer to the complaint. It holds also that the action is one "for the conversion of personal property under pledge as collateral security and is an action in tort."

The plaintiff appeals from so much of the order as sustains the motion to strike out Paragraph 2 of the complaint.

The defendants, Post & Flagg, appeal from those parts of the order which refuse the motions to strike out other

allegations of the complaint and that which overrules the demurrer.

It will conduce to a clear understanding of the issues involved if we give a synopsis of the pertinent allegation of the complaint. It alleges the names of those who constitute the partnership of Post & Flagg, that they are residents of the City of New York, where they maintain their principal offices at 49 Broad Street, and that they also maintained an office in the City of Greenville, S. C., and that A. S. Thomas, a resident of the City of Greenville, S. C., was their agent.

The complaint further alleges that prior to June 12, 1933, the plaintiff purchased of the defendants certain stocks, paying a portion of the purchase price in cash and leaving the stock with the defendants as collateral for the balance due thereon; that on June 15, 1933, plaintiff had on deposit with defendants certain shares of stocks, on which day he had ordered the defendants to sell the said stocks at the market value as of June 12, 1933, and to remit to him his equity therein; that at a time unknown to plaintiff the defendants Post & Flagg sold this stock, and, although plaintiff had fully complied with the terms and conditions of his contract with the defendants, they fail and refuse after demand made to turn over the proceeds of such sale, or to pay him his equity therein. It is further alleged that, in pursuance of a fraudulent agreement made with the defendant, A. S. Thomas, the defendants, Post & Flagg, applied the proceeds of sale of plaintiff's stock to the payment of the indebtedness of A. S. Thomas to Post & Flagg.

The prayer of the complaint is for $6,518.59 actual damages, and $10,000.00 punitive damages.

The motions of the defendants, Post & Flagg, to strike certain allegations of the complaint are thus summarized:

(1) To strike from Paragraph 1 the words, "The defendant, A. S. Thomas, is now and was at the times hereinafter mentioned a resident of Greenville County, S. C."

(2) All the allegations of Paragraph 2.

(3) From Paragraph 3 strike the words "And 'for a long time prior thereto" and the words "Occupying joint offices with the defendant, Thomas, the said Thomas acting generally as agent of and for the defendants, Post & Flagg."

(4) Strike from Paragraph 4 the words "The defendants" where they occur.

(5) From Paragraph 5 strike the words "The defendants without plaintiff's knowledge, conspired together to defraud the plaintiff, and at some time unknown to plaintiff fraudulently, wantonly and unlawfully took plaintiff's stock, when they either knew, or should have known that it was plaintiff's stock." And the words "thus converting plaintiff's stock to their own use."

(6) Strike from Paragraph 6 the words "the defendants" in two places.

(7) Strike from Paragraph 7 the words "And although plaintiff had fully complied with the terms and conditions of his contract with the defendants * * * and instead of accounting to this plaintiff the defendants, Post & Flagg, have carried out their fraudulent agreement made with the defendant, Thomas, * * * and fraudulently, wantonly and unlawfully confiscated the same * * * which had been fraudulently entered into between the defendants * * * and punitive in the sum of Sixteen Thousand Five Hundred Eighteen and 59/100 Dollars."

From the prayer of the complaint strike out the words "And for the sum of Ten Thousand ($10,000.00) Dollars as punitive damages."

The grounds of demurrer are that:

(1) The two causes of action are improperly joined.

(2) If Thomas was the agent and Post & Flagg the principals, and the action is in tort or for breach of contract, plaintiff must elect against whom he will proceed.

(3) The complaint does not state facts sufficient to constitute a cause of action against Post & Flagg.

We will first consider the ground of plaintiff's appeal from the order which strikes out Paragraph 2 of the complaint,

the text of which is herein set out: "2. That the defendants, Post & Flagg, are members of the New York Stock Exchange, have adopted the constitution, rules and by-laws of said Exchange as their own, and are governed and controlled thereby, which said constitution, rules and by-laws were known to and relied on by the plaintiff in the transactions hereinafter referred to, and contrary to such rules and regulations the defendants, Post & Flagg, occupied offices and used joint employees with the defendant, Thomas & Walker, said offices and employees being used jointly by all of the parties-defendant hereto."

The trial Judge predicates his order to strike this entire paragraph of the complaint in part upon the case of *Dean v. Geo. R. Past et al.*, 177 S. C., 358, 181 S. E., 241. We do not think that case is decisive of this. Syllabus 2 of that case thus states the reason given by this Court for its rulings: "In action to recover alleged balance due of proceeds from sale of stock which plaintiff alleged he ordered sold, failure of Court to strike from complaint words: 'Governed and controlled by constitution, rules and by-laws of said Exchange,' contained in allegation that defendants were members of New York Stock Exchange and governed by such rules, *held reversible error, since complaint did not allege that plaintiff knew of such rules and by-laws or relied thereon, and testimony admitted under such allegations was improper and prejudicial.*" (Italics added.)

In the present case the paragraph of the complaint ordered to be eliminated, the words omitted from the *Dean case, supra,* and which omission was held to be fatal, are distinctly alleged in the following language: "Which said constitution, rules and by-laws were known to and relied upon by the plaintiff in the transactions hereinafter referred to."

The other authorities cited and relied upon by the Circuit Judge in his order striking out Paragraph 2 were of cases decided before the Act of 1928, now contained in

Volume 3, Code of Laws of 1932, as Section 6314 of Article 2 of Chapter 135. The headline of that section is: "Certain Contracts of Sale For Future Delivery Valid." The Act provides: "All contracts of sale for future delivery of cotton, grain, stocks, or other commodities, (1) made in accordance with the rules of any board of trade, exchange, or similar institution, and (2) actually executed on the floor of such board of trade, exchange or similar institution, and performed or discharged according to the rules thereof, and (3) when such contracts of sale are placed with or through a regular member in good standing of a cotton exchange, grain exchange, board of trade, or similar institution, organized under the laws of the State of South Carolina, or any other State, shall be and they hereby are declared to be valid and enforceable in the courts of this State, according to their terms."

In order that plaintiff maintain his action in a Court of this State, it was essential that he allege and prove that the contract conformed to the statute of the State regulating such sales; that the sales were made with, and executed in conformity with, the constitution, rules, and by-laws of some such institution as is named in and recognized by the statute. And, in order to meet the requirements of the *Dean case, supra,* it was necessary for him to allege that the constitution, rules, and by-laws of the New York Stock Exchange, through which the transactions were consummated, were known to and relied upon by plaintiff.

Evidently Paragraph 2 was inserted into the complaint to meet these requirements. It was error to strike it out.

The defendants Post and Flagg challenge the correctness of the holding that this is "an action for the alleged conversion of certain property of the plaintiff, and is, therefore, an action in tort."

In the case of *Lawson v. Metropolitan Life Ins. Co.,* 169 S. C., 540, 169 S. E., 430, 433, Mr. Justice Stabler, now Chief Justice, laid down the following rule: "if it is doubt-

ful whether such action is on contract or in tort, the doubt must be resolved in favor of the former"—citing *Spratt B. & L. Ass'n v. Roper,* 160 S. C., 240, 158 S. E., 495.

In the case of *Waldrop v. M. & J. Finance Corporation,* 178 S. C., 527, 183 S. E., 460, 461, it was held: "It is settled law in this state that in order to maintain an action for conversion it is necessary for plaintiff to show title or right to possession of the chattel at the time of the conversion."

Let us measure the allegations of the complaint by this admitted rule of law.

The complaint alleges that plaintiff purchased of defendants certain stocks for which he paid a part of the purchase money in cash, and left the stocks with the defendants *"as collateral for the balance due thereon."* (Our italics.)

Clearly the plaintiff was not entitled to the possession of the stock until he paid the balance of the purchase price. The purchase is alleged to have been made June 12, 1933, but the names and values and numbers of the stocks then purchased are not given. It is further alleged that on June 15, 1933, plaintiff had on deposit with the defendants 600 shares A. F. W. and 200 shares C. V., *or the cash value of plaintiff's equity in said stocks, viz., $6,518.59, based on the market value of said stocks as of June 12, 1933, on which date plaintiff had ordered defendants to sell his said stocks and remit to him his equity therein.*

It would appear then that the day plaintiff ordered the stocks sold he claimed only an equity therein. It is true he alleges that "plaintiff had complied with the terms and conditions of his contract with the defendants." But that statement is only a legal conclusion. No facts are set out in support of it to show that the stocks had been paid for. In order to perform his contract with defendants, he must have paid them the balance he owed on the purchase price of the stocks. He does not allege that he had done that. It is not clear whether he intends to say that he ordered the stocks sold on June 12, the day he purchased them or on June 15, but,

whichever of these days he elects to stand on, it is not reasonable to think that within that short period of time he had paid the balance of the purchase price of this stock. If he had done so, he would have alleged the time of payment and the amount thereof, and would have claimed the ownership and the right of possession thereof. He does neither. He claims only an equity in the proceeds of sale, which he had ordered, and brings his action to recover that equity which he alleges the defendants conspired to withhold from him.

It is manifest that this was a transaction known as purchasing on margins. The buyer pays so much on the contract. If the stock goes below the price at which he purchased, he must put up a further sum as margin. If it goes above the purchase price and he orders a sale of the stock, he reaps the difference between the purchase price and the price at which it is sold. This is the equity for which plaintiff sues.

It is patent that this action is one for breach of contract, and it was error to hold it to be one in tort.

There was no error in overruling the demurrer. It is elementary that, if the complaint states any cause of action, it is not subject to demurrer.

There are allegations of the complaint which should be made more definite and certain, but the record does not show that the defendants made a motion to have this done; nor does it show that the trial Judge passed upon such question. Therefore this Court cannot consider it.

We think the motion to strike out of Paragraph 5 the words "the defendants, without plaintiff's knowledge, conspired together to defraud the plaintiff, and at some time unknown to this plaintiff fraudulently, wantonly and unlawfully took plaintiff's stock when they either knew, or should have known, that it was plaintiff's stock," and the words "thus converting plaintiff's stock to their own use," should have been granted. These words are not appropriate to an

action for breach of contract and for an equity in stocks sold by order of plaintiff.

For the same reason we think the motion to strike out the words, from Paragraph 7 of the complaint, "and fraudulently, wantonly and unlawfully confiscated the same," should have been granted.

The exceptions relating to these two paragraphs of the complaint are sustained.

We think the trial Judge correctly disposed of the other grounds of the motion to strike.

It should be the judgment of this Court that the order appealed from be reversed in the particulars hereinabove indicated, and affirmed in all other respects; that the case should be remanded to the Circuit Court with leave to plaintiff, if he be so advised, to amend his complaint in accordance with the views herein expressed, and with leave to the defendants-appellants to answer and/or otherwise plead to the thus amended complaint as they may be advised.