POSS *v.* ROSSEN-POSS AGENCY, INC.

1. CORPORATIONS — MINORITY SHAREHOLDERS — STATUTORY PROCEEDINGS.
   Statutory proceeding, by which corporate shareholders objecting to corporate authorization of sale, lease, or exchange of all or substantially all of the corporate assets may petition for appointment of appraisers to obtain the value of their shares in case they and the corporation fail to agree on such value, is by petition and order to show cause and formerly would have been an equity proceeding (CL 1948, § 450.44).

2. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
   Facts of a case on appeal are reviewed *de novo* on the record, where the matter involved is one which formerly would have been an equity proceeding.

3. SAME—CHANCERY CASES—FINDINGS OF FACT.
   Great weight is given by the Court of Appeals to the findings of fact made by the trial court in a chancery case, and reversal is not made unless convinced from a reading of the entire record that the Court of Appeals would have reached a different conclusion.

4. CORPORATIONS—APPEAL AND ERROR—STOCK OWNERSHIP.
   Holding of trial court that plaintiff was a shareholder at the time the corporation by a vote of its majority shareholders

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur 2d, Corporations § 1543.
   Valuation of stock of dissenting stockholders in case of consolidation or merger of corporation, sale of its assets, or the like. 38 ALR2d 442.
[2] 4 Am Jur 2d, Appeal and Error § 2.
[3] 5 Am Jur 2d, Appeal and Error § 822.
   Comment Note—Advantage which the original trier of facts enjoyed over reviewing court from opportunity of seeing and hearing witnesses. 111 ALR 742.
[4] 18 Am Jur 2d, Corporations § 465.
[5] 5 Am Jur 2d, Appeal and Error § 545.

authorized sale of substantially all of its assets *held*, proper, where the corporate records showed the stock registered in plaintiff's name, plaintiff testified that payments relied upon by defendant to show that plaintiff's stock was purchased with corporate funds were charged against his corporate account, and other documentary evidence indicated plaintiff was a shareholder.

5. Appeal and Error—Questions Reviewable—Issue Raised First Time on Appeal.

Issue, raised for the first time on appeal, is not discussed by the Court of Appeals, since the issue was not before the trial court.

Appeal from Wayne; Bowles (George E.), J. Submitted Division 1 June 1, 1966, at Detroit. (Docket No. 1,101.) Decided July 12, 1966. Rehearing denied September 2, 1966. Leave to appeal denied by Supreme Court November 23, 1966. See 378 Mich 741.

Complaint by Benjamin J. Poss as a minority stockholder against Rossen-Poss Agency, Inc., a Michigan corporation, now known as N. P. Corporation for the appointment of appraisers to set a value on his corporate shares. Trial court appointed appraisers, and denied defendant's motion to vacate the appointments and motion for rehearing. Defendant appeals. Affirmed.

*Max M. Marston*, for plaintiff.

*Sugar & Schwartz* (*Lawrence Warren*, of counsel), for defendant.

Quinn, J. Defendant appeals from an order of Wayne county circuit court appointing appraisers pursuant to CL 1948, § 450.44 (Stat Ann 1963 Rev § 21.44) and from denial of defendant's motion to vacate said order and for rehearing. The statute involved governs rights of corporate shareholders

objecting to corporate authorization of sale, lease, or exchange of all or substantially all of the corporate assets and provides a method for them to obtain the value of their shares in case they and the corporation fail to agree on such value.

To be entitled to the statutory relief, plaintiff must show full and complete compliance with the terms of the statute. *Pollack* v. *Adwood Corporation* (1948), 321 Mich 93. The only issue raised on this appeal is the adequacy of the record to support the finding by the trial court that plaintiff was a shareholder at the time of the authorization above referred to. (The first condition imposed by the statute.) Statutory procedure for seeking relief is by petition and order to show cause indicating the proceeding is in chancery. (See *Pollack, supra.*) This calls for review *de novo*, *Cullum* v. *Topps-Stillman's, Inc.* (1965), 1 Mich App 92, but reversal is not made unless this Court is convinced from a reading of the entire record that it would have reached a different conclusion. *Michigan Central Park Association* v. *Roscommon County Road Commission* (1966), 2 Mich App 192.

The corporate records showed stock registered in plaintiff's name, but defendant contends the same records indicate this stock was paid for with corporate funds, and since there was no consideration flowing from plaintiff for the shares registered to him, he was not a shareholder. That such proof does not necessarily disprove purchase of the shares by plaintiff see *Davidson* v. *American Paper Manufacturing Company* (1937), 188 La 69 (175 So 753). Plaintiff testified that the payments relied on by defendant to show plaintiff's stock was purchased with corporate funds were charged against his corporate account, and other documentary evidence indicated plaintiff was a shareholder. On such a rec-

ord this Court is not able to say it would have reached a conclusion different than the trial judge.

Plaintiff attached to his reply to new matter contained in defendant's answer an executed but unconsummated agreement between the parties hereto. On appeal, defendant seeks to use part of such agreement to show plaintiff was not a shareholder as required by the statute. This was not an issue before the trial court, even though plaintiff filed an amended answer after the reply. We do not discuss issues raised for the first time on appeal. *Baker Contractor, Inc.,* v. *Chris Nelsen & Son, Inc.* (1965), 1 Mich App 450.

Affirmed, with costs to appellee.

J. H. Gillis, P. J., and Fitzgerald, J., concurred.