McNARY v CITY OF TAYLOR

1. APPEAL AND ERROR—JUDGMENT—FINAL ORDER.

An appellate court will not hear an appeal from an unsigned order of a lower court since a court speaks through its orders and an order is not final until it is signed.

2. ZONING—MANDAMUS—JUDGMENT—AMENDMENT OF ZONING ORDINANCE.

Mandamus *nunc pro tunc* may be issued to compel a city to accept a building permit application even though the city had enacted an amendatory zoning ordinance after the court had declared the original zoning ordinance void and before mandamus had issued, where the city concedes its rights were fixed by the prior judgment, by amending its ordinance, and by abandoning the appeal from the prior judgment.

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 June 12, 1972, at Detroit. (Docket Nos. 11899, 13133.) Decided June 27, 1972. Leave to appeal denied, 389 Mich 756.

Complaint by Joyce A. McNary and Charles A. Robbins against the City of Taylor for mandamus to compel the city to accept a building permit application. Judgment for defendant. Plaintiffs appeal. Appeal dismissed.

On a rehearing of the order denying mandamus, judgment for plaintiffs. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 71.
Formal requirements of judgment or order as regards applicability, 73 ALR2d 250.
[2] 52 Am Jur 2d, Mandamus § 216.
58 Am Jur, Zoning § 248.

*Schlussel, Lifton, Simon, Rands & Kaufman,* for plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Charles L. Burleigh, Jr.)* and *William R. Kliber,* for defendant.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

Quinn, J. An understanding of the questions presented by these appeals requires a chronological, detailed recitation of what occurred prior to the trial court rulings appealed from.

January 28, 1971, Judge Bell granted summary judgment in favor of plaintiffs which declared defendant's zoning ordinance 70-11 void. On the same date, an injunctive order entered restraining defendant from enforcing the ordinance as to plaintiffs' property. Defendant filed a claim of appeal which was docketed as our file No. 11208. This appeal was dismissed for lack of progress April 10, 1972, and nothing has been done to reinstate it.

February 1, 1971, plaintiffs tendered their application for a building permit to defendant. The application was refused although other applications were being accepted. February 4, 1971, plaintiffs filed a motion for mandamus to compel defendant to accept the building permit application. An order to show cause entered setting a hearing for February 8, 1971. On the latter date, Judge Bell was on vacation and his alternate, Judge Burdick, presided.

In defense to the request for mandamus, defendant contended that the automatic stay provision of

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

GCR 1963, 530.1 applied and that the January 28 order of Judge Bell was not yet enforceable. Judge Burdick indicated that he would have granted a writ of mandamus but that he could not due to the automatic stay rule referred to above. The application for mandamus was dismissed by an order dated March 5, 1971, and signed by Judge Bell.

On the evening of February 8, 1971, defendant enacted a new zoning ordinance 71-15 which substantially contained the provisions of invalidated ordinance 70-11.

March 8, 1971, plaintiffs moved for a rehearing on the March 5th order denying mandamus. This motion was heard March 26 and April 2nd. On the latter date, Judge Bell granted mandamus *nunc pro tunc* as of February 4, 1971. Defendant appeals this action in case No. 11899. In case No. 13133, plaintiffs appeal Judge Burdick's February 8, 1971 denial of mandamus. The latter appeal we consider to be needless and as improvidently granted for three reasons. First, Judge Burdick never signed an order implementing the denial of February 8, and a court speaks through its orders. Jurisdiction of this Court is confined to appeals from judgments or orders, MCLA 600.308; MSA 27A.308. It is not possible to review Judge Bell's *nunc pro tunc* order of April 2, 1971, without ruling on Judge Burdick's denial of the application for mandamus.

Defendant raises two issues which we dispose of summarily. It contends that because Wayne circuit court rule 9.4(c) was not complied with, plaintiffs' motion for mandamus was improperly filed. This point was not raised below and it is not before us, *Poss v Rossen-Poss Agency, Inc,* 3 Mich App 726 (1966).

Defendant maintains that GCR 1963, 529.2 pro-

hibited Judge Bell from issuing the order of April 2, 1971. We find the rule inapplicable. The April 2 order of Judge Bell vacated the March 5 order of Judge Bell.

Defendant states its final contention in the following form:

"The court below was without power to issue mandamus absent a showing that, at the time of the hearing, McNary had a clear legal right to the performance of a specific and ministerial act and Taylor had a clear legal duty to perform such act."

Its argument in support of this position is that ordinance 71-15, validly enacted February 8, 1971, was in force on April 2, 1971, and under it, plaintiffs did not show a clear legal right to the performance of a specific and ministerial act and that defendant had a clear legal duty to perform the act, citing *Franchise Realty Corp v Detroit,* 368 Mich 276 (1962). The case before us is distinguishable from *Franchise.* Plaintiffs here sought mandamus to enforce a prior judgment. *Franchise* involved a determination of the rights of the parties in the first instance and pending that determination, the trial court permitted pleading amendment to include an amendatory ordinance as a defense. Here defendant conceded that plaintiffs' rights were fixed by the judgment of January 28, 1971, by amending the ordinance on February 8, 1971, and by abandoning the appeal from the judgment of January 28, 1971. We decline to follow *Franchise* as controlling precedent.

Had it not been for Judge Burdick's mistaken belief[1] that GCR 1963, 530.1 prevented him from acting on plaintiffs' February 4, 1971 motion for mandamus, plaintiffs' right to relief would have

---

[1] See GCR 1963, 530.3.

been determined according to plaintiffs' rights as of February 4, 1971. Judge Bell recognized this fact by ordering defendant to accept the application for building permit and to act on it pursuant to ordinances and procedures that were valid February 4, 1971. This action was not only proper; it was dictated by the record before Judge Bell.

Affirmed with costs of both courts to plaintiffs.

All concurred.