## MORLEY BROTHERS v CLARK

Docket No. 73624. Submitted July 16, 1984, at Lansing.—Decided November 19, 1984.

Plaintiff, Morley Brothers, a Michigan corporation, experienced financial difficulties and negotiated a take-over by S & T Industries, Inc. To effect the transaction, plaintiff authorized and issued new stock which was purchased by S & T. The effect of this transaction was to reduce the portion of plaintiff's stock owned by others than S & T from 100% to 19.9%. Defendants, Thomas S. Clark, Henry C. Morley, Esther M. Schloss and Ameritrust Corporation, are or represent minority shareholders who, prior to the acquisition by S & T, owned 9.1% of plaintiff's stock. They now control less than 2% of the outstanding shares. Defendants claimed a statutory right to dissent and, pursuant to statute, plaintiff brought this action to determine the rights of the dissenting shareholders and to fix the value of their shares. The Saginaw Circuit Court, Gary R. McDonald, J., granted the defendants the right to dissent and set the value of their stock at $2.74 per share. Plaintiff appealed, alleging that defendants did not have the right to dissent and that the trial court erred in its valuation of the stock. *Held:*

1. The type of acquisition involved herein is not one that is covered by the statute allowing dissent and appraisal in mergers or consolidations. However, the policy considerations in favor of protection of minority shareholders are applicable in a case such as this wherein the increase in the amount of stock was substantial, resulting in a dramatic diminution in voting power and share of equity of the defendants. The trial court therefore did not err by holding that defendants were entitled to dissent.

2. The trial court did not err in the method used to value the stock or in its determination of that value.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 19 Am Jur 2d, Corporations § 510 *et seq.*

Valuation of stock of dissenting stockholders in case of consolidation or merger of corporation, sale of its assets, or the like. 48 ALR3d 430.

[2] 5 Am Jur 2d, Appeal and Error §§ 703, 898.

19 Am Jur 2d, Corporations § 521.

1. Corporations — Acquisition of Corporation — Minority Share-
   holders — Right to Dissent and Appraisal.
   Minority shareholders in a corporation which issues new shares,
   the majority of which are then purchased by another corpora-
   tion, effectively giving the new corporation acquisition of the
   issuing corporation, are entitled to dissent and appraisal where
   the new stock issued is in an amount significantly greater than
   the amount of stock previously outstanding.

2. Corporations — Appeal — Valuation of Stock.
   The Court of Appeals reviews de novo a trial court's valuation of
   dissenters' stock in a case involving a corporate merger or
   acquisition, but will reverse only if upon review of the entire
   record it is convinced that it would have reached a different
   conclusion.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Michael J. Sauer)*, for plaintiff.

*Riecker, George, Hartley, Van Dam & Camp, P.C.* (by *John E. Riecker)*, for defendants.

Before: Danhof, C.J., and D. E. Holbrook, Jr. and C. W. Simon,* JJ.

D. E. Holbrook, Jr., J. Plaintiff appeals as of right from a judgment of the trial court in favor of defendant for $42,765.42. This judgment followed a three-day bench trial.

Plaintiff is a Michigan closely held corporation that ran into financial difficulties and rather than declare bankruptcy negotiated a take-over by S & T Industries, Inc. This agreement, which was approved by a majority of shareholders on March 30, 1981, provided for the purchase by S & T of newly authorized and issued shares. The effect of this was to diminish the ownership interest of all other holders of Morley Brothers stock from 100 percent to 19.9 percent. As this corporation is not publicly traded, no ready market to sell the stock exists.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendants are minority shareholders who owned 9.1 percent of the stock before this transaction occurred, and are now claiming their right to dissent under MCL 450.1761; MSA 21.200(761).

On appeal, plaintiff alleges that the trial court erred in granting defendants the right to dissent and in the valuation of the stock.

Plaintiff alleges that defendants should not have been given the right to dissent as these circumstances do not meet the statutory requirements of § 761. Plaintiff's argument is that the trial court treated this as a "de facto merger", a doctrine which the Legislature had considered and rejected. *Turner v Bituminous Casualty Co,* 397 Mich 406, 442, fn 3; 244 NW2d 873 (1976), *reh den* 399 Mich 951 (1977). We do not feel it necessary to resolve the de facto merger issue as it applies to shareholders' appraisal rights in the instant case. Rather, we agree with Schulman & Schenk, *Shareholders' Voting and Appraisal Rights in Corporate Acquisition Transactions,* 38 The Business Lawyer 1529, 1553-1554 (Aug, 1983), in which they said:

"[W]ithout the use of legal handles, a court simply can apply policy to afford shareholders of a share-issuing corporation the rights that the legislature intended to assure to shareholders of an acquired corporation." (Footnotes omitted.)

The transaction under dispute is known as an "upside-down" acquisition, in which the corporation that issued the shares is effectively acquired by the other corporation. This may well have placed defendants in a worse position than if a transitional merger had taken place, since S & T shares may be more marketable than what remains of plaintiff's shares. Defendants are now in the position where the nature and quality of their

investment has radically changed through no fault of their own. As a group, defendants now control less than 2 percent of the outstanding common stock in a corporation in which a single stockholder, S & T, owns over 80 percent of the common stock. As this stock is unmarketable, defendants would be left without a remedy if dissent and appraisal were not permitted. We believe the policy considerations behind the dissent and appraisal statutes are applicable to the case at bar.

However, we feel that this remedy should be limited to extreme cases, and adopt the following:

"One final point remains. To provide guidance when an upside-down acquisition has occurred, we offer a more detailed test to determine when the share-issuing corporation should be deemed the acquired corporation. If, in any type of acquisition, whether conducted directly or through a subsidiary, a corporation issues, immediately or potentially, an amount of stock equalling more than 100% of either its previously outstanding voting shares (common or preferred) or its common shares, the issuer may be treated as an acquired. So dramatic a dilution either in the shareholders' voting power or in their proportionate residual equity interest should entitle them to the protection afforded shareholders of acquired corporations. We recognize that the courts may limit extension of rights in upside-down acquisitions to cases in which the nominal acquiror issues significantly more than the 100% figure mentioned above. However, prudent counsel should consider the possibility that rights will be awarded to the shareholders of the share-issuing corporation in any acquisition meeting the above test." *Id.,* p 1554. (Footnotes omitted.)

In the instant case the plaintiffs issued an amount of stock that was more than a 400 percent increase over the previous amount, which is well over the 100 percent increase suggested by Schulman & Schenk. Accordingly, when there is such dramatic

dilution in voting power and equity share we believe that the Legislature intended to extend the legislative protection. We find no error in the trial court's holding that defendants were entitled to dissent.

Plaintiff additionally argues that the trial court erred in its determination of the value of the stock. A review of the trial court's valuation of dissenters' stock is *de novo,* but will only be reversed if upon review of the entire record we are convinced we would have reached a different conclusion. *Poss v Rossen-Poss Agency, Inc,* 3 Mich App 726, 728; 143 NW2d 616 (1966), *lv den* 378 Mich 741 (1966).

Following a thorough examination of the record, we find that plaintiff is asserting that the court erred by $120,000, or less than 8.6 percent of the inventory's total valuation. Plaintiff's expert witnesses were all present or past employees and, given the lack of independent evidence and the minor amount in dispute, we find no error. Plaintiff presented no evidence to show that the valuation of prepaid expenses, the cost of liquidation, or the value of stock was different from the trial court's assessment. Plaintiff has merely presented its views, and the trial court made its determination between the two extremes.

Plaintiff contends that the court erred in not finding a specific market value of the stock. As this stock was a minority interest in a closely held corporation that was not publicly traded, we find this argument to be without merit. The court was correct in determining that this approach had little usefulness in the instant case. We also feel the court was justified in considering and rejecting the investment value approach.

Although the court gave the most weight to the net asset approach, which placed the share value

at $3.44, consideration was given to the investment and market value approach, which lowered the value to $2.74 per share. We find no authority or reasoning that would support plaintiff's allegation that a rigid formula be applied to each method of valuation. This Court notes that plaintiff's full liabilities were acceptable at the trial level and that no value was given to good will. These two factors would more than outweigh any possible overvaluation. We cannot say we are convinced that the trial court erred.

Affirmed. Costs to defendants.