## 23458

Louis C. HITE, Respondent v. THOMAS & HOWARD COMPANY OF FLORENCE, INC., (now known as Thomas & Howard Company, Inc., by virtue of a name change), Thomas & Howard of Columbia, Inc., (previously known as Thomas & Howard Company, Inc.), David R. Clark, W.E. Monroe, T.H. Timberlake, J.E. Timberlake, III, R.H. Guy, Ken Wagener, Helen T. Monroe, Mary E. Timberlake, Josephine T. Clark, L.F. Timberlake and T.H. Timberlake, as trustees for M.F. Timberlake, Ann S. Timberlake, Thomas H. Timberlake, Jr., Margaret M. Timberlake, James H. Monroe, Betty S. Monroe, William P. Monroe and J. Wilbur Clark, Jr., Appellants.

(409 S.E. (2d) 340)

Supreme Court

*William R. Taylor* and *Pope D. Johnson, III, Whaley, Mc-Cutchen, Blanton and Rhodes* and *John P. Freeman,* Columbia, *for appellants.*

*S. Porter Stewart, McGown, Keller, Eaton and Stewart, John Munford Scott, Jr., Scott & Associates,* and *Carrington Salley Baker,* Florence, *for respondent.*

Heard June 13, 1991.

Decided Aug. 12, 1991.

GREGORY, Chief Justice:

This is an action by a minority shareholder of a corporation alleging various causes of action against the majority shareholder. Appellants moved to dismiss the complaint under Rule 12(b)(6), SCRCP, and now appeal the denial of that motion. We affirm in part, reverse in part, and remand.

The threshold issue is whether this Court will consider this interlocutory appeal. Ordinarily, denial of a Rule 12(b)(6) motion is not directly appealable. *Moyd v. Johnson,* 289 S.C. 482, 347 S.E. (2d) 97 (1986). In this case, appellants challenge the refusal to dismiss respondent's causes of action for breach of fiduciary duty and negligent mismanagement on the ground they must be brought in a shareholder's derivative suit. Because respondent has requested a jury trial, this refusal in effect allows a jury trial in what appellants contend is a derivative action. An order allowing a jury trial in a derivative suit is directly appealable. *See Pelfrey v. Bank of Greer,* 270 S.C. 691, 244 S.E. (2d) 315 (1978). We therefore consider the appeal of the denial of the motion to dismiss these causes of action. Further, an order that is not directly appealable will nonetheless be considered if there is an appealable issue before the Court and a ruling on appeal will avoid unnecessary litigation. *Id.* We therefore address the remaining issues on appeal regarding the several other causes of action.

Respondent Hite is the minority shareholder in Thomas & Howard Co. of Florence (Florence Corporation). The majority shareholder is another corporation, Thomas & Howard of Columbia (Columbia Corporation). Originally, Hite owned fifty-five shares of Florence Corporation, giving him 33⅓% in-

terest in the corporation. In June 1989, however, the majority shareholder, Columbia Corporation, voted to amend Florence Corporation's articles of incorporation to increase the authorized number of shares from 165 to 600. Next, it voted to approve a stock exchange agreement between Columbia Corporation and Florence Corporation whereby Florence Corporation would exchange one share of its common stock for nearly ten shares of common stock in Columbia Corporation. Hite alleges these actions by the majority shareholder, Columbia Corporation, reduced the percentage of his ownership in Florence Corporation from 33⅓% to 11.5% while depriving him of his right to have his minority shares purchased at fair market value. He commenced this suit against appellants who are directors of Florence Corporation and shareholders of Columbia Corporation.

Appellants contend Hite's causes of action for breach of fiduciary duty and negligent mismanagement must be brought in a shareholder's derivative suit. We disagree.

Generally, an action seeking to remedy a loss to the corporation is a derivative one. *Johnson v. Baldwin,* 221 S.C. 141, 69 S.E. (2d) 585 (1952). If, however, corporate mismanagement has caused a particular loss to an individual stockholder, the liability is an asset of the injured individual, remediable by an action in his name. *South Carolina Nat'l Bank v. Mortgage Loan Co.,* 159 S.C. 359, 157 S.E. 74 (1930); *Stewart v. Ficken,* 151 S.C. 424, 149 S.E. 164 (1929). A shareholder may maintain an individual action only if his loss is separate and distinct from that of the corporation. *Ward v. Griffin,* 295 S.C. 219, 367 S.E. (2d) 703 (Ct. App. 1988). A shareholder's suit is derivative if the gravamen of his complaint is an injury to the corporation and not to the individual interest of the shareholder. *Id.*

The gravamen of Hite's complaint is clearly a particular loss separate and distinct from that of the corporation. He alleges appellants' breach of a fiduciary duty to him as a minority shareholder and their negligent mismanagement resulted in a diminution in his percentage of corporate ownership from 33⅓% to 11.5%. This alleged reduction in Hite's individual percentage of corporate control is separate and distinct from any general diminution in the value of corporate stock. We affirm the trial judge's ruling that the causes of

action for breach of fiduciary duty and negligent mismanagement are properly brought in Hite's individual capacity.

Appellants next contend the trial judge erroneously denied their motion to dismiss Hite's cause of action for conversion. Conversion is the illegal use, misuse, or detention of another's chattel to the exclusion of the owner's rights. *S.S.I. Medical Services, Inc. v. Cox*, 301 S.C. 493, 392 S.E. (2d) 789 (1990); *Owens v. Andrews Bank & Trust Co.*, 265 S.C. 490, 220 S.E. (2d) 116 (1975). An action for conversion of stock has been allowed in cases where either the stock certificate or payment of the stock's value has been wrongfully retained by another. *See, e.g., Daniel v. Post*, 181 S.C. 468, 187 S.E. 915 (1936); *Equitable Trust Co. v. Columbia Nat'l Bank*, 145 S.C. 91, 142 S.E. 811 (1928); *Connor v. Hillier*, 45 S.C.L. (11 Rich.) 193 (1858). Here, Hite has alleged appellants wrongfully refused him dissenter's rights which would entitle him to payment for his shares. See S.C. Code Ann. § 33-13-102(2) (1990). Wrongful refusal to pay over the amount represented by the stock certificates may support an action for conversion. *Equitable Trust Co., supra.* We hold, however, as discussed below, that Hite has no dissenter's rights and therefore has failed to allege a wrongful refusal of payment for his shares. Accordingly, we conclude the denial of appellants' motion to dismiss the cause of action for conversion should be reversed.

The statute governing dissenter's rights, S.C. Code Ann. § 33-13-102(2) (1990), provides in pertinent part:

> A shareholder is entitled to dissent from, and obtain payment of the fair value of, his shares in the event of any of the following corporate actions:
>
> . . . . .
>
> (2) consummation of a plan of share exchange to which the corporation is a party as the corporation whose shares are to be *acquired,* if the shareholder is entitled to vote on the plan. (Emphasis added.)

Hite alleges he was wrongfully denied dissenter's rights under this section after the issuance of new shares and share exchange diminished his percentage of ownership in Florence Corporation. Appellants contend § 33-13-102(2) does not entitle Hite to dissenter's rights because it expressly applies only

to shareholders owning shares in "the corporation whose shares are to be *acquired.*"

A share exchange is a transaction by which a corporation becomes the owner of all the outstanding shares of one or more classes of stock of another corporation in an exchange that is compulsory on all owners of the acquired shares. See S.C. Code Ann. § 33-11-101 (1990), Official Comment 1. Here, it was Columbia Corporation, not Florence Corporation, which was the *acquired* corporation. Under the plain language of the statute, Hite would not be entitled to dissenter's rights since his stock is in the *acquiring* and not the *acquired* corporation.

Hite relies on *Morley Brothers v. Clark*, 139 Mich. App. 193, 361 N.W. (2d) 763 (1984), in which the Michigan Court of Appeals allowed minority shareholders dissenters' rights where a stock exchange resulted in a reduction of their percentage of ownership in the *acquiring* corporation from 9% to 2%. It held dissenter's rights should be allowed where the acquiring corporation issues new shares exceeding 100% of its original shares. In this case, Florence Corporation issued new shares equal to 263% of its original shares before effecting the stock exchange.

We decline to follow the *Morley Brothers* decision which would require a tortured interpretation of the plain language of § 33-13-102(2). As further discussed below, we conclude § 33-14-310(d)(4) provides adequate alternative relief without mandating that dissenter's rights be allowed to a shareholder in an acquiring corporation under § 33-13-102(2). We therefore reverse the denial of the motion to dismiss Hite's cause of action alleging a wrongful refusal of dissenter's rights.

Hite's complaint further seeks relief pursuant to S.C. Code Ann. § 33-14-310 (1990), which is entitled "Procedure for judicial dissolution" and provides in pertinent part:

(d) In any action filed by a shareholder to dissolve the corporation on the grounds enumerated in Section 33-14-300, the court may make such order or grant such relief, other than dissolution, as in its discretion is appropriate, including, without limitation, an order:

(1) canceling or altering any provision contained in the articles of incorporation, or any amendment to the articles, or in the bylaws of the corporation;

(2) canceling, altering, or enjoining any act or resolution of the corporation;

(3) directing or prohibiting any act of the corporation or of shareholders, directors, officers, or other persons party to the action; or

(4) providing for the purchase at their fair value of shares of any shareholder, either by the corporation or by other shareholders.

(e) The relief authorized in subsection (d) may be granted as an alternative to a decree of dissolution *or may be granted whenever the circumstances of the case are such that the relief, but not dissolution, is appropriate.* (Emphasis added.)

Hite specifies his ground for seeking relief under § 33-14-310 is S.C. Code Ann. § 33-14-300(2)(ii) (1990) which allows dissolution upon a finding the directors of the corporation are acting oppressively, fraudulently, or unfairly to a shareholder.

Appellants argue Hite's cause of action under § 33-14-310 should be dismissed because he specifically seeks only the relief provided in § 33-14-310(d)(4), purchase of a shareholder's shares at their fair value, rather than dissolution. We construe the broad language of § 33-14-310(e) to allow a shareholder to seek the statutory relief enumerated in subsection (d). The purpose of allowing alternative equitable relief is to avoid the drastic remedy of dissolution. Where, as here, a shareholder alleges a legitimate ground for dissolution enumerated in § 33-14-300, he need not demand dissolution but may seek the alternative relief available under § 33-14-310(d). We therefore affirm the denial of appellants' motion to dismiss Hite's cause of action for relief under § 33-14-310.

Finally, appellants challenge the trial judge's refusal to dismiss Hite's cause of action for civil conspiracy. The trial judge declined to rule on this issue on the ground it was not yet "ripe." A ruling on a Rule 12(b)(6) motion to dismiss must be based solely on the allegations set forth in the complaint. *State Bd. of Medical Examiners v. Fenwick Hall, Inc.,* 300 S.C. 274, 387 S.E. (2d) 458 (1990). We hold appellants are entitled to a ruling on the pleadings and remand for the trial judge to consider appellants' motion to dismiss Hite's cause of action for civil conspiracy.

Affirmed in part; reversed in part; and remanded.

HARWELL, CHANDLER and FINNEY, JJ., and BRUCE LITTLE-JOHN, Acting Associate Justice, concur.