LUDINGTON FRUIT EXCHANGE, INC v DOLSON

Docket No. 151330. Submitted December 15, 1993, at Detroit. Decided February 23, 1994, at 9:05 A.M.

Ludington Fruit Exchange, Inc., petitioned the Mason Circuit Court for a determination of the fair market value of its shares and accrued interest after the respondent stockholder, Robert Dolson, objected to the petitioner's merger with another for-profit cooperative corporation and exercised his right to dissent. The court, Richard I. Cooper, J., appointed a referee and thereafter adopted the referee's supplemental report. The petitioner appealed, and the respondent cross appealed.

The Court of Appeals *held:*

1. The respondent is entitled to be paid the fair value of his stock. The fair market value of a particular member's shares in the petitioner must be based on the amount of preferred stock held rather than on common stock, which is voting stock only, because the petitioner's articles of incorporation provide that the payment of a dividend on shares of petitioner's common stock is prohibited.

2. The respondent is entitled to the par value of his shares of common stock because the evidence does not show that the fair market value of the common stock is higher than its par value.

3. The trial court did not err in determining the residual value on which to base the calculation of the fair value of the respondent's preferred stock.

4. The action must be remanded for a determination of the value of the respondent's shares of preferred stock by dividing the corporation's net worth by the total number of shares of preferred stock outstanding immediately before the merger announcement.

5. Because the trial court found that the respondent did not

REFERENCES

Am Jur 2d, Corporations §§ 805-849.

Valuation of stock of dissenting stockholders in case of consolidation or merger of corporation, sale of its assets, or the like. 48 ALR3d 430.

Timeliness and sufficiency of dissenting stockholder's notice of his objection to consolidation or merger and of his demand for payment for his shares. 40 ALR3d 260.

act arbitrarily, the court was required by MCL 450.1774(1); MSA 21.200(774)(1) to assess all costs, except the referee's compensation, which the parties agreed to share, against the corporation. The court abused its discretion in awarding the respondent only a portion of his costs and, on remand, must assess all of respondent's costs, except the referee's compensation, against the petitioner.

6. Because neither party acted arbitrarily and the petitioner complied with the relevant statutes, neither party was entitled to an award of attorney fees. The court properly declined to award attorney fees.

Affirmed in part, reversed in part, and remanded.

1. CORPORATIONS — MERGER — SHAREHOLDER'S RIGHT TO DISSENT AND APPRAISAL — COSTS — REFEREE'S COMPENSATION.

All of the costs of an appraisal proceeding commenced by a dissenting shareholder pursuant to MCL 450.1773; MSA 21.200(773) must be assessed against the corporation where the shareholder has not acted arbitrarily, vexatiously, or in bad faith in demanding payment under MCL 450.1772; MSA 21.200(772); the parties to the action may agree to share the fee of a referee appointed by the court (MCL 450.1773a[2], 450.1774[1]; MSA 21.200[773a][2], 21.200[774][1]).

2. CORPORATIONS — MERGER — SHAREHOLDER'S RIGHT TO DISSENT AND APPRAISAL — ATTORNEY FEES.

Neither party is entitled to an award of attorney fees in an appraisal proceeding commenced by a dissenting shareholder pursuant to MCL 450.1773; MSA 21.200(773) where neither party acted arbitrarily, vexatiously, or in bad faith and the corporation has substantially complied with the relevant provisions of the Business Corporation Act (MCL 450.1774[2]; MSA 21.200[774][2]).

*Pehrson & Nicholson* (by *Mark A. Pehrson*), for the petitioner.

*Thomas H. Andrews, Jr. & Associates* (by *Edward A. Newmyer*), for the respondent.

Before: HOOD, P.J., and MURPHY and FITZGERALD, JJ.

PER CURIAM. This is a case of first impression

involving the buyout rights of a dissenting stockholder upon the merger of cooperative corporations.

Petitioner appeals as of right from the trial court's valuation of respondent's common stock at $6,333.65. Respondent cross appeals. We affirm in part, reverse in part, and remand.

Petitioner is a for-profit cooperative corporation organized under MCL 450.98 - 450.109; MSA 21.99 - 21.110 for the purpose of selling its members' fruit crops. Respondent was the cooperative's general manager from March 1988 to about January 1990.

In April of 1990, because of financial difficulties, the cooperative decided to merge with a similar cooperative based in the same county, the Mason County Fruit Packers (MCFP). Respondent objected to the merger and exercised his right to dissent. See MCL 450.1762(1)(a); MSA 21.200(762)(1)(a). Under the Business Corporation Act, MCL 450.1101 et seq.; MSA 21.200(101) et seq., a dissenter who complies with the procedural requirements of the statute is entitled to be paid "the fair value of his or her shares, plus accrued interest." MCL 450.1769; MSA 21.200(769).

Petitioner offered to pay respondent the par value of his shares.[1] Upon respondent's rejection of this offer, petitioner filed this action "petition[ing] the court to determine the fair value of the shares and accrued interest." MCL 450.1773; MSA 21.200(773). As allowed by the statute, the court appointed a referee who issued a report and—after

---

[1] According to petitioner's amended articles of incorporation, par value is $1 a share of common or preferred stock. However, it appears that respondent may have owned ten shares of common stock—the maximum allowed—and, therefore, was offered ten dollars for his common shares.

objections—a supplemental report. MCL 450.1773a; MSA 21.200(773a). The parties appeal from the trial court's adoption of the referee's supplemental report.

There is no question that respondent is entitled to be paid the fair value of his stock. See MCL 450.1769; MSA 21.200(769). Petitioner argues, however, that respondent was entitled to the fair value of his preferred stock, not his common stock. Further, both parties argue that the referee erred in calculating the residual value of the corporation. After reviewing the trial court's decision de novo, we agree in part. See *Morley Bros v Clark,* 139 Mich App 193, 197; 361 NW2d 763 (1984).

The "cooperative plan" that forms the basis of petitioner's operation contemplates that "the earnings of the corporation are distributed on the basis of, or in proportion to, the value of property bought from or sold to shareholders and/or members or other persons." MCL 450.99; MSA 21.100. Thus, petitioner's members receive shares of preferred stock in relation to the amount of fruit crop they choose to have processed through the cooperative. According to article XIII, § 8 of petitioner's bylaws, profits are distributed once a year in "proportion to the value of the volume of business in dollars and cents which the member . . . has done with the corporation as compared to the total value in dollars and cents of all the business done by the patrons with this corporation."

Although, according to the bylaws, profits "may be paid in preferred stock, common stock . . . or in cash," there is a limit of ten on the number of shares of common stock that any one member may hold. Further, petitioner's articles of incorporation prohibit the payment of dividends on shares of common stock. Common stock is therefore voting

stock only.[2] See MCL 450.98; MSA 21.99. The only way for a shareholder to make money from investing in the cooperative is by obtaining shares of preferred stock and thereby being paid a dividend.

From the above, it becomes clear that the fair market value of a particular member's shares in the corporation must be based on the amount of preferred stock held rather than on common stock. That is because the amount of the dividend to which any one member is entitled depends neither on the bare fact of voting membership nor on the number of common shares of stock held, but, rather, on the number of shares of preferred stock held. Determining the fair market value of a dissenter's shares in terms of common stock would be inequitable because it would assign the same fair market value to the common stock of a member who was not entitled to any dividends (because he had no crop to sell and therefore held no preferred stock) as it would to the common stock of a member who earned high dividends (because he had a large fruit crop and therefore held a lot of preferred stock).[3]

Here, respondent was offered par value for his shares of common stock.[4] The evidence fails to show that the fair market value of common stock —which cannot earn dividends and whose only beneficial attribute is the right to vote—is higher than its par value. Therefore, respondent is not

[2] Petitioner's articles and bylaws limit common stockholders to one vote even though members may own a maximum of ten shares of common stock. Ownership of preferred stock carries no voting rights.

[3] Contrary to respondent's argument, determining fair market value on the basis of common stock does not compensate him for his long-term commitment to the cooperative because it rewards all voting members equally, regardless of seniority.

[4] As noted before, it is unclear from the record whether respondent holds one or ten shares of common stock. However, this is unimportant to our decision.

entitled to be paid any more than par value for his common stock.

However, we must still determine how the fair value of respondent's preferred shares is to be calculated. After reviewing the decision de novo, we are not convinced that we would have reached a different residual value on which to base this calculation.

Admittedly, there are several methods that could be used to determine the fair value of respondent's stock, including its investment value, its market value, and the net-asset value. See *Morley Bros, supra* at 197-198. These methods are apparently not governed by rigid formulas. See *id.* at 198. The goal is to reach a fair value for the dissenting member's stock.

Here, the referee based his evaluation of respondent's shares on the only appraisal of petitioner's plant and equipment presented—respondent did not produce an appraisal. The referee declined to make the downward adjustments claimed by petitioner. Similarly, he refused to make the increases requested by respondent.[5] The referee then divided the net worth of petitioner's assets ($126,673) by the total number of common shares (twenty) to obtain $6,333.65 as the fair market value of each share of common stock.

We find that, in light of the record as a whole, the referee's evaluation of petitioner's residual value was fair and equitable. We are not convinced that we would have reached a different result. However, we find that the cooperative's net worth ($126,000) should be divided by the total number of shares of preferred stock outstanding immediately

[5] The referee found that the value used by the two merging companies to determine the exchange ratio for converting petitioner's shares into MCFP shares was acknowledged by all, even by respondent, to be an arbitrary figure selected for mathematical convenience only.

before the merger announcement in order to arrive at the fair value of each share of preferred stock held by respondent. See MCL 450.1761(d); MSA 21.200(761)(d). This would have the effect of distributing petitioner's residual equity in the same way that profits would normally be distributed, that is, in the proportion that the monetary value of a shareholder's crop bore to the total monetary value of business done by petitioner during the preceding year. We remand for a determination of the value of respondent's shares of preferred stock as discussed in this paragraph.

For the remaining issue, both parties challenge the trial court's assessment of $2,000 in costs against petitioner, albeit for different reasons. We agree in part and disagree in part.

As correctly argued by petitioner, the statute allows the parties to agree to share the referee's fees, as was done here, "notwithstanding section 774." See MCL 450.1773a(2); MSA 21.200(773a)(2). However, as correctly argued by respondent, apart from the referee's compensation, § 774 provides that the court "shall determine all costs of the proceeding" and "shall assess [those] costs against the corporation." MCL 450.1774(1); MSA 21.200(774)(1). Although the statute also allows some costs to be assessed against a dissenter who acts arbitrarily, the referee specifically found—and the court agreed—that respondent did not act arbitrarily. See id.

The court awarded respondent "a portion" of his costs but did not interfere with the parties' stipulation regarding the referee's compensation. We find that the trial court abused its discretion in awarding respondent only "a portion" of his costs after specifically finding that he did not act arbitrarily. On remand, therefore, the trial court shall assess all of respondent's costs against petitioner.

The statute also provides that attorney fees may be imposed upon the corporation if the court finds that the corporation acted arbitrarily or did not substantially comply with the statute. See MCL 450.1774(2); MSA 21.200(774)(2). Given the referee's and the court's findings that neither party acted arbitrarily and the referee's finding that the corporation substantially complied with the statutes, neither party was entitled to an award of attorney fees. The trial court therefore properly declined to award attorney fees.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.